UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MONGIELLO'S ITALIAN CHEESE SPECIALTIES, INC.
d/b/a FORMAGGIO,

Docket No.:

vs.

CV No.:

WESTCHESTER SURPLUS LINES OF INSURANCE
and CHUBB NORTH AMERICA CLAIMS,

------------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Plaintiff MONGIELLO'S ITALIAN CHEESE SPECIALTIES, INC. d/b/a FORMAGGIO ("plaintiff" or "FORMAGGIO") by its attorneys APPELL & PARRINELLI by way of complaint against Defendants, WESTCHESTER SURPLUS LINES OF INSURANCE and CHUBB NORTH AMERICA CLAIMS ("defendants" or "CHUBB"), allege as follows:

**NATURE OF THIS ACTION**

FIRST: This civil action arises out of an insurance dispute over the coverage available to FORMAGGIO under an insurance policy sold by CHUBB. FORMAGGIO seeks a declaration of its rights and CHUBB's obligations under the insurance policy, damages for breach of contract and unfair business practices for CHUBB's refusal to pay on a certain loss (the "Claim") as described below as required by the insurance policy and for any consequential damages, costs and such other further relief as the Court may deem just and proper.

**THE PARTIES**

SECOND: FORMAGGIO is a domestic corporation authorized to do business in the State of New York with its principal place of business located at 250 Hilldale Road, Hurleyville, New York 12747.

THIRD: FORMAGGIO has been in operation for over thirty years and is a manufacturer of mozzarella-based products which it sells to large national retailers. FORMAGGIO sells products under its own brand, Formaggio Cheese. Products include fresh mozzarella as well as combinations of mozzarella with other items such as vegetables, herbs, cheeses, meats, etc.. FORMAGGIO manufactures products which are subject to both USDA and FDA regulation, both regulators inspect their facility, a plant in Hurleyville, New York.

FOURTH: Upon information and belief, WESTCHESTER SURPLUS LINES OF INSURANCE is an insurance company authorized to do business in the State of New York with its principal place of business located at Royal Centre Two, 11575 Great Oaks Way, Suite 200 Alpharetta, Georgia 30022.

FIFTH: Upon information and belief, CHUBB NORTH AMERICA CLAIMS is an insurance company authorized to do business in the State of New York with its principal place of business located at 10 Exchange Place, 9th Floor Jersey City, New Jersey 07302.

**JURISDICTION AND VENUE**

SIXTH: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 (a) because this is a diversity action between citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum of

$75,000.00.

SEVENTH: This Court has personal jurisdiction over both CHUBB defendants because they are each insurance companies authorized to do business in the State of New York and this cause of action arose from a contract to supply insurance, goods or services in New York. This Court also has personal jurisdiction over the CHUBB defendants because they each regularly transact business in New York and regularly do or solicit business within New York and engage in persistent conduct or derive substantial venue from goods used or consumed in New York or expect or reasonably expect their acts to have consequences in New York and obtain substantial revenue from interstate commerce.

EIGHTH: This is an action for a declaratory judgment brought pursuant to the Declaratory Judgement Act 28 U.S.C §2201, and Federal Rules of Civil Procedure 57, for damages for breach of contract and for breach of the implied covenant of good faith and fair dealing and pursuant to McKinney's Insurance Law §2601 unfair claim settlement practices; penalties and for further necessary and appropriate relief.

NINTH: Venue is proper in the Southern District of New York pursuant to 28 U.S.C §1391 (b) because a substantial part of the events or omissions giving rise to the claims herein occurred and a substantial part of the property that is subject of the action is situated in the Southern District of New York.

**THE POLICY**

TENTH: WESTCHESTER SURPLUS LINES INSURANCE as the insuring company, sold a primary policy to FORMAGGIO entitled "Chubb Recall Plus Insurance for Consumable Products" No. G71480124003, which was a renewal of a prior policy, to

the insured FORMAGGIO for the policy period from December 27, 2020 to December 27, 2021 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit "1".

ELEVENTH: The Policy provides coverage to FORMAGGIO for "Each Insured Event" up to $2,000,000.00 subject to a "Self-Insured Retention" of $50,000.00.

TWELFTH: SECTION I. INSURING AGREEMENT of the Policy herein states in relevant part:

> We will reimburse you for... "Loss", to which this insurance applies, in excess of the applicable "self-insured retention" ... up to the Limits of Insurance stated in the Declarations, that is caused by an "insured event" that is first discovered by you during the "policy period" and reported to us in compliance with the provisions of Condition R. (Notice of Loss)...

THIRTEENTH: SECTION II. DEFINITIONS of the Policy herein states:

A. "Adulterated" means:

a. accidentally or unintentionally contaminated or impaired by a microbiological, chemical, allergen or physical hazard; or
b. mislabeled; or
c. deliberately, maliciously, illegally or allegedly tampered or threatened to be tampered.

B. "Adverse publicity" means the naming of both the "insured(s)" and the "insured product(s)" in any local, regional or national media, including, but not limited to, radio, television, newspapers, magazines, the internet or any governmental publication, during the "policy period", with the implication that the "insured product(s)" is "adulterated" and that the consumption, exposure to, or use of such "insured product(s)" has resulted in or would result in "bodily injury" or "property damage".

C. "Bodily injury" means physical injury, sickness, disease, or death sustained by a person.

H. "Insured Event" means a voluntary, involuntary or mandatory recovery of "stock", market withdrawal or recall of an "adulterated" "insured product(s)" by

or on behalf of its manufacturer, producer, processor, distributor, purchaser, retailer, wholesaler, importer, exporter, a regularly constituted federal, state or local regulatory or administrative body or user of the "insured product(s)" provided that the consumption, exposure to, or use of such "insured product(s)" has resulted in or would result in "bodily injury" or "property damage".

J. "Loss" means "pre-incident costs" and "recall costs", that you have incurred directly and solely in connection with a covered "insured event".

L. "Pre-incident costs" means the cost incurred by you for chemical analysis and/or physical examination necessary to determine whether the "insured product(s) has been "adulterated" or to determine what, if any, potential effect might result from the "adulterated" "insured product(s)".

M. "Property damage" means any physical damage to, or destruction of or loss of use of tangible property other than the "insured product(s)".

N. "Recall costs" means the following costs and expenses listed below incurred by you or your retailers or other third parties arising out of an "insured event" to recover, withdraw or recall such affected "insured product(s)".

1. The cost of newspaper, magazine or any printed advertising (whether electronic or otherwise), radio and television announcements or commercials, as well as the cost of correspondence regarding or concerning the recall.
2. The cost of shipping the "insured product(s)" from any purchaser, distributor or user to the place or places that you designate.
3. The cost to rent additional warehouse or storage space.
4. The cost of hiring additional persons other than regular employees to assist with the recall of the "insured product(s)".
5. Overtime paid to non-salaried employees and additional compensation paid to other than non-salaried employees for work devoted exclusively to the recall of the "insured product(s)".
6. Employees' travel, transportation and lodging expenses directly attributable to the recall of the "insured product(s)".
7. The cost of disposal of the "insured product(s)", to the extent that specific methods of disposal other than those usually employed for trash discarding or disposal, are required to avoid "bodily injury" or "property damage" as a result of such disposal.
8. Expenses incurred for the proper disposal of the unused packaging and point-of-purchase marketing material of a recalled "insured product(s)" if such packaging or material cannot reasonably be reused.
9. Retail slotting fees and cancellation fees for any advertising or promotional program which were scheduled but which were unable to be executed because of an "insured event".

10. Retail fees as required by contract not otherwise listed.

FOURTEENTH: The EXTRA EXPENSE ENDORSEMENT of the Policy states:

I. The following is added to the definition of "Loss":

"Loss" includes "extra expense".

II. The following definitions are added to the policy:

"Business interruption" means your actual loss of "business income" you sustained solely and directly in connection with a covered "insured event".

"Business income" means your sales revenue projected prior to the happening of an "insured event", but which has been lost after the decrease in sales attributable to and caused directly by an "insured event", less:

**THE UNDERLYING EVENTS**

FIFTEENTH: The product involved in this matter was FORMAGGIO's Caprese Salad Kit which it manufactured under its own brand and sold exclusively to Sam's Club which was first released on March 29, 2021. The product was comprised of two segregated and sealed trays: one contained mozzarella mixed with garlic, herbs and oil; the second was marinated roasted tomatoes. FORMAGGIO manufactured the mozzarella side of the component itself. The roasted tomatoes were sourced from a supplier and subject to a marination step by FORMAGGIO prior to use.

SIXTEENTH: On or about the 30th day of June 2021 FORMAGGIO began receiving complaints of bloated and leaking packaging solely in the roasted tomato side of the Caprese Salad Kit from Sam's Club at some point after its distribution and sale to Sam's Club.

SEVENTEENTH: As a result of said bloating and leakage Sam's Club withdrew and recalled all units of all lots of the Caprese Salad Kit from its shelves in all its stores

and warehouses and cancelled all future orders of the product with FORMAGGIO.

EIGHTEENTH: The withdrawal and recall by Sam's Club was voluntary and not pursuant to any mandatory withdrawal or recall by the USDA or FDA governmental agencies.

NINETEENTH: On or about the 29th day of July 2021 FORMAGGIO sent several of the roasted tomato side of the Caprese Salad Kit products to a reputable food laboratory, Sani-Pure, for pathogen testing.

TWENTIETH: On or about the 3rd day of August 2021 Sani-Pure determined through its lab testing that the roasted tomato side of the product was contaminated and adulterated with both mold and yeast.

TWENTY-FIRST: The aforementioned mold and yeast adulteration and contamination of the roasted tomato side of the product was not as a result of any natural gradual deterioration, decomposition, or transformation of the chemical structure of the product.

TWENTY-SECOND: The aforementioned mold and yeast adulteration and contamination of the roasted tomato side of the product was not as a result of the combination of or interaction among components or packaging, caused in whole or in part by the product having passed its specified or reasonably expected expiration date for use or consumption.

TWENTY-THIRD: At no time was the FORMAGGIO manufactured mozzarella side of the Caprese Salad Kit ever found to be adulterated or contaminated.

TWENTY-FOURTH: At the time of the finding of the presence of mold and yeast in the adulterated and contaminated roasted tomato side of the product the roasted

tomato side of the product had not yet reached its use-by date.

TWENTY-FIFTH: It has been determined that the presence of the mold and/or yeast in the roasted tomato side of the Caprese Salad Kit product caused the ingredients within the sealed plastic package to ferment which in turn resulted in the production of carbon dioxide gas.

TWENTY-SIXTH: It has been determined that the accumulation of the carbon dioxide gas resulted in an expansion and rupture of the sealed packaging of the roasted tomato side of the product which in turn caused the contents solely of that side to leak out.

TWENTY-SEVENTH: There have been no known persons who were injured from the aforementioned adulteration and/or contamination of this product as described herein but it is well understood in the food science and biological, microbiological and medicinal literature professions and communities that the mold and/or yeast adulteration and/or contamination can and do cause bodily injury and harm to humans, including but not limited to immunocompromised persons.

TWENTY-EIGHTH: That as a result of all of the above FORMAGGIO sustained a loss and damages in excess of $1,000,000.00 including but not limited to pre-accident costs, recall costs, property damage, shipping costs, personnel costs, disposal costs, unused packaging, cancellation fees, retail fees, loss of revenue, business income, business interruption costs, and all consequential losses permitted under the policy.

TWENTY-NINTH: On or about the 2nd day of July 2021 FORMAGGIO timely placed CHUBB on notice of all of the above events and occurrences and submitted an insurance claim to CHUBB for payment on this “insured event” in compliance with all

terms of the Policy.

THIRTIETH: Subsequent to tendering notice of the claim to CHUBB, FORMAGGIO has fully cooperated with CHUBB'S investigation of this loss and "insured event".

THIRTY-FIRST: On or about the 27th day of September 2021 the writing insurer WESTCHESTER SURPLUS LINES INSURANCE COMPANY, through its senior claims examiner Lisa Noriega of CHUBB NORTH AMERICA CLAIMS, informed FORMAGGIO that the Claim was being denied and they were reserving their rights, remedies and defenses under the Policy, at law, and in equity.

THIRTY-SECOND: That the CHUBB defendants, improperly and without just cause and reason and in breach of the terms of the Policy have denied and refused payment of the Claim to FORMAGGIO and have violated the terms of the Policy and engaged in unfair settlement practices in violation of all laws, codes and statutes applicable.

THIRTY-THIRD: That the CHUBB defendants have set forth inadequate and improper burdens and/or levels of proof and reasoning to deny the Claim such as, but not limited to language that "Chubb cannot be sure whether the yeast and mold growth identified in the report (Sani-Pure) may be attributed to the potential "insured event".

THIRTY-FOURTH: On CHUBB's official site – Get Chubb Insured Today at https://www.Chubb.com under the claims difference section Chubb represents:

HOW IS CHUBB DIFFERENT?

We don't just process claims, we make things right.

We hope you never have to file a claim with us. But if you do, that's our opportunity to show you what "craftsmanship" means in service to you. It means

a quick response when you need it most. It means Chubb people working with empathy, integrity and our legendary attention to detail to make you whole. It means we honor the promises we've made to you. Your loved ones, your employees, your home, your business reputation – these things matter. These things are personal, for you and for us.

We're here to help.

THIRTY-FIFTH: That on or about the 7th day of October 2021 FORMAGGIO supplemented its claim under the Policy in a lengthy detailed chronology and an explanation of the Claim and attempted to refute each and every aspect of CHUBB's denial of the Claim.

THIRTY-SIXTH: That at all times to the present CHUBB by its agent(s) and/or adjuster(s) have failed and/or refused to honor and pay FORMAGGIO on the timely filed and documented claim.

THIRTY-SEVENTH: That at all times to the present FORMAGGIO has made timely payment of the premium(s) on the Policy and CHUBB has accepted said payments.

THIRTY-EIGHTH: That at all times to the present the Policy remained in full force and effect at the time of the "insured event" and at no time has CHUBB denied that coverage exists under the Policy.

**FIRST CAUSE OF ACTION**

THIRTY-NINTH: FORMAGGIO restates and realleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

FORTIETH: FORMAGGIO has fully complied with all of the terms and conditions of the Policy with regard to the Claim.

FORTY-FIRST: CHUBB refused and continues to refuse to agree to pay FORMAGGIO for the Claim.

FORTY-SECOND: CHUBB's refusal to pay FORMAGGIO for the Claim constitutes a material breach of the CHUBB defendants' obligations and responsibilities under the Policy.

FORTY-THIRD: The CHUBB defendants' breach of the Policy has caused FORMAGGIO harm for which FORMAGGIO is entitled to damages according to proof, but in any event exceeding the statutory minimum exclusive of consequential damages and costs and expenses.

FORTY-FOURTH: By reason of the foregoing, the CHUBB defendants are liable to FORMAGGIO for the amount of the Claim and for additional damages FORMAGGIO has sustained as a result of CHUBB's breach of its contract. The exact amount of such damages includes but are not limited to all amounts stated above and amounts FORMAGGIO has incurred in establishing the extent of its losses; consequential damages; pre-and post-judgement interest; and costs, and disbursements FORMAGGIO has incurred to date and may incur in the future in prosecuting this action to obtain the benefit of its insurance coverage as permitted under the Policy and by law.

**SECOND CAUSE OF ACTION**

FORTY-FIFTH: FORMAGGIO restates and realleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

FORTY-SIXTH: FORMAGGIO has fully complied with all of the terms and conditions of the Policy with regard to the Claim.

FORTY-SEVENTH: A justiciable controversy exists between FORMAGGIO and

the CHUBB defendants as to their respective rights and obligations, and whether FORMAGGIO is entitled to coverage for the Claim under the Policy and for what amounts.

FORTY-EIGHTH: FORMAGGIO seeks a judicial determination and declaratory judgment to resolve a present justiciable controversy among the parties regarding the coverage of the Claim and/or the amounts of allowable damages under the Policy.

FORTY-NINTH: FORMAGGIO is entitled to a judicial determination and declaratory judgment by this Court that CHUBB is obligated to indemnify FORMAGGIO for the Claim to the full extent of the limit of liability prescribed in the Policy.

FIFTIETH: The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties including but not limited to the costs and disbursements FORMAGGIO has incurred to date and may incur in the future in prosecuting this action to obtain the benefit of its insurance coverage to the extent allowable by law.

## PRAYER FOR RELIEF

**WHEREFORE**, FORMAGGIO respectfully requests an order as follows:

a. Awarding FORMAGGIO compensatory and consequential damages and judgment in an amount to be awarded at trial as described herein; Said amount which may be ongoing is estimated to be ONE MILLION TWO HUNDRED THOUSAND ($1,200,000.00) Dollars.

b. Declaring that CHUBB is obligated to indemnify FORMAGGIO for the Claim under the Policy pursuant to 28 U.S.C §2201 and Federal Rules of Civil procedure 57 and all laws;

c. Awarding FORMAGGIO interests and costs as allowable by law;

d. Awarding FORMAGGIO any other and further relief as this Court deems just and proper including all sums as shall be determined to fully and fairly compensate FORMAGGIO for all general, special, incidental and consequential damages incurred and to be incurred as a result of the acts and/or omissions of CHUBB.

**JURY DEMAND**

FIFTY-FIRST: FORMAGGIO hereby requests a jury trial on all claims and issues raised herein.

Dated: New York, New York
September 2, 2022

APPELL & PARRINELLI

John J. Appell

By: John J. Appell, Esq.
APPELL & PARRINELLI
Attorneys for Plaintiff
3 West 35th Street, 6th Floor
New York, New York 10001
(212) 947-0101

**VERIFICATION**

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

ANTHONY MONGIELLO, hereby affirms a true, under penalty of perjury that affirmant is the president of the plaintiff corporation and I have read the foregoing COMPLAINT and know the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affirmant believes to be true.

Dated: New York, New York
September 12, 2022

ANTHONY MONGIELLO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MONGIELLO'S ITALIAN CHEESE SPECIALTIES, INC.
d/b/a FORMAGGIO,

Docket No.:

vs.

CV No.:

WESTCHESTER SURPLUS LINES OF INSURANCE
and CHUBB NORTH AMERICA CLAIMS,

-------------------------------------------------------------------------X

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**APPELL & PARRINELLI**
Attorneys for Plaintiff
3 West 35th Street, 6th Floor
New York, New York 10001
(212) 947-0101